**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEON GREEN,<br><br>                Plaintiff,<br><br>    v.<br><br>CAPE MAY COUNTY,<br><br>                Defendant. | Civil Action No. 21-20045 (KMW) (MJS)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on Plaintiff Leon Green's *in forma pauperis* application (ECF No. 1-1), motion seeking the appointment of counsel (ECF No. 2), and the Court's *sua sponte* screening of Plaintiff's complaint. (ECF No. 1.) Having reviewed the application, and having determined that leave to proceed without prepayment of fees is warranted in this matter, Plaintiff's *in forma pauperis* application is granted. As Plaintiff shall be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice and his motion seeking appointed counsel shall be denied without prejudice.

**I.  BACKGROUND**

Plaintiff is a state pre-trial detainee currently confined to the Cape May County Correctional Center, where he has been detained since June 2019. (ECF No. 1 at 3, 6.) In his

complaint, Plaintiff seeks to raise claims against Cape May County based on the allegedly unhealthy food served in the facility, the in-house disciplinary actions to which he has been subject while detained which he believes do no comport with Due Process, various searches and seizures to which he has been subject in the jail, jail house mail practices, and various COVID-19 related jail restrictions to which he has been subject since March 2020. (*Id.* at 6-7.) Although Plaintiff names only the County itself as a Defendant, he makes little effort to connect these alleged violations to the County, stating only that he suffered these infractions "as a direct and proximate result" of the County's actions. (*Id.* at 5-7.) Plaintiff does not identify any county policy which gave rise to the alleged violations. (*Id.*)

## II.    LEGAL STANDARD

Because Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-

2

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.   DISCUSSION

In his complaint, Plaintiff seeks to raise various Due Process, illegal search and seizure, and conditions of confinement claims pursuant to 42 U.S.C. § 1983 against the County which operates the jail in which he is detained. Plaintiff does not directly plead facts showing how the County itself is directly involved in the alleged constitutional violations he raises, however. In order to plead a plausible claim for relief under § 1983, a plaintiff must plead facts which, if proven, would show that the named defendants had personal involvement in the alleged wrongs. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). While municipal entities, such as Cape May County, may be proper defendants under the statute, they may only be held liable where the plaintiff pleads facts indicating the County's personal involvement in the alleged wrong

3

insomuch as the alleged violations were the direct result of a municipally enacted policy, practice, or custom. *See, e.g., Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978). A municipally enacted policy, practice, or custom must therefore be the "moving force" behind the alleged constitutional violation to hold the municipality liable. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *see also Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35-36 (2010). In his complaint, Plaintiff fails to identify any municipally enacted policy, practice, or custom which was the moving force behind the alleged violations. Plaintiff has therefore failed to plead a plausible claim for relief against the sole named Defendant in this matter, and his complaint must be dismissed without prejudice. Because Plaintiff conceivably could either identify such a policy or custom or name additional, directly involved defendants, Plaintiff shall be granted leave to file an amended complaint within thirty days.

Finally, Plaintiff has also filed a motion seeking appointed counsel in this matter. Although civil plaintiffs have no right to the appointment of counsel in civil matters, this Court has wide discretion to appoint counsel where the Court finds that the appointment of counsel is warranted. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002); *see also Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). In determining whether the appointment of counsel is warranted, this Court must first determine whether the plaintiff is indigent and whether his claims have merit. *Tabron*, 6 F.3d at 155-57; *Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011). Where an indigent plaintiff presents meritorious claims, the Court then must weigh various factors to determine whether the appointment of counsel is warranted. *Tabron*, 6 F.3d at 155-57; *Cuevas*, 422 F. App'x at 144-45. Although Plaintiff has shown his indigence in this matter, he has failed to present any meritorious claims insomuch as his current complaint shall be dismissed without prejudice for failure to state a claim against the sole named Defendant. His motion seeking

4

appointed counsel is therefore denied without prejudice. *Tabron*, 6 F.3d at 155-57; *Cuevas*, 422 F. App'x at 144-45.

### IV. CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) is **GRANTED**, his complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**, and his motion seeking the appointment of counsel (ECF No. 2) is **DENIED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge